```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

UNITED STATES OF AMERICA

VS.                                CIVIL ACTION NO. 3:97CR103LN

JAMES ABDUL SMITH


### MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant James Abdul Smith for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

On July 2, 1998, defendant was convicted of attempted possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 846.  On September 4, 1998, the court sentenced to 262 months of imprisonment, to be followed by a five-year term of supervised release, a $2500 dollar fine and a $100 fine.  The defendant had a base offense level of 36 with a two-level upward adjustment for possessing a firearm, and his total offense level was 38.  Considering his criminal history category of II, defendant's guideline range was calculated to be 262 to 327 months.

On August 1, 2008, the Federal Public Defender, citing the recent amendments to the sentencing guidelines concerning cocaine base, filed a motion for relief pursuant to § 3582.  By the motion, defendant seeks a two-level reduction in his base offense level and to be resentenced to a term of 210 months.  The government opposes the motion, and the court, for the reasons which follow, concludes that the motion should be denied.

Section 3582(c)(2) of Title 18, provides:

> The court may not modify a term of imprisonment once it has been imposed except that-
> . . .
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the applicable policy statement.  U.S.S.G. § 1B1.10.[1]  Amendment 706, as amended by 711, which alters the base

---

[1] Section 1B.10 provides, in pertinent part:
(a)(1) In General.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).  As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(b)(1) In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

offense level of crimes involving cocaine base, has been given retroactive effect.

The decision to modify a term of imprisonment under 3582(c)(2) is within the court's discretion.  <u>United States v. Mueller</u>, 168 F.3d 186, 188 (5th Cir. 1999).  In exercising its discretion, the court must "consider the sentence it would have originally imposed had the guidelines, as amended, been in effect at the time." <u>United States v. Whitebird</u>, 55 F.3d 1007, 1009 (5th Cir. 1995); U.S.S.G. § 1B1.10(b).  Here, had the amended guidelines been in place on the date that Smith was sentenced, his base offense level would have been 34.  With a two-level upward enhancement and Criminal History Category II, Smith's sentencing range would have been 210 to 262 months.

As indicated above, in ruling on a motion brought pursuant to § 3582(c)(2), the court must also consider the factors set forth in § 3553(a).  Specifically, the court is to consider:

> the nature and the circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant; the kinds of sentences available; any pertinent Guidelines policy statement; and the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct.

---

(c) Covered Amendments.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711.

<u>Id.</u> (citing 18 U.S.C. § 3553(a)).  Additionally, the court is to evaluate "the nature and seriousness of the danger to any person or the community that may be imposed by a reduction in the defendant's term of imprisonment" and the defendant's post-sentencing conduct.  U.S.S.G. § 1B1.10 cmt. 1(B)(ii) & (iii).

Here, the record shows that since his imprisonment commenced in 1999, Smith has been disciplined 19 times for rule violations.  More significant than the number of violations is the fact that his most recent offense have been his most serious and violent.  Specifically, in the past five years, defendant has been cited for attempting to bring drugs into the prison through the visiting room and for fighting.  In light of Smith's inability to comport himself in the regimented environment provided by the BOP, the court finds that his current sentence should not be reduced and therefore, that his motion should be denied.

Based on the forgoing, it is ordered that defendant's motion for reduction of sentence is denied.

SO ORDERED, this the 14th day of October, 2008.

                                                 _____
                                                 /s/Tom S. Lee
                                                 UNITED STATES DISTRICT JUDGE